# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3168 | DATE | 4/27/2001 |
| CASE TITLE | Mary Beth Burke vs. Chgo. School Reform Bd. of Trustees | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant Chicago School Reform Board of Trustees' motion to dismiss Counts I, II and III [26-1] is denied. Defendant Board's motion to dismiss Count V and the suits against the individual defendants in their official capacities is granted. Defendant Board's motion to strike paragraph 17 of plaintiff's second amended complaint [26-2] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | APR 3 0 2001 date docketed | 47 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BETH BURKE,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, PAUL VALLAS, BARBARA MOORE, PATRICIA MONROE-TAYLOR and LORIS BROWN, individually and in their official capacities,<br><br>Defendants. | No. 00 C 3168<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Beth Burke brings this action for damages and for equitable and injunctive relief against Defendant Chicago School Reform Board of Trustees ("the Board"), which operates the school where Burke worked, as well as Board employees Paul Vallas, Barbara Moore, Patricia Monroe-Taylor, and Loris Brown, individually and in their official capacities. Burke's suit includes federal claims alleging: deprivations of her free speech rights protected by the First Amendment of the United States Constitution and 42 U.S.C. § 1983 (Count I); violations of her due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 (Count II); race discrimination in violation of the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1981 (Count III); and violations of Title VII (Count IV). Burke also makes a state law claim for retaliation in violation of Illinois law, 105 ILCS 5/34-2.4c as well as retaliatory discharge (Count V).

The Board has moved to dismiss Counts I, II, III, and V, as well as the claims against the individual Board employees brought against them in their official capacities, pursuant to Federal

Rule of Civil Procedure 12(b)(6). The Board also moves to strike all allegations from the record arising from incidents occurring before May 24, 1998, and to strike Paragraph 17 of Burke's Second Amended Complaint ("the complaint"). For the reasons set forth below, the Board's motions, (R. 26-1 and 26-2), are denied in part and granted in part.

## RELEVANT FACTS

The following facts are drawn from the allegations of the complaint, which we take as true for purposes of a motion to dismiss. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Burke had been employed as a teacher by the Board at the Julia Ward Howe Elementary School ("Howe") in Chicago, Illinois from 1990 until January 11, 1999. The Board is an Illinois municipal corporation, which operates the Chicago Public School system. Moore was the principal at Howe from the time Burke first became employed there until June 1998. Brown succeeded Moore as Howe's principal and held that position through January 1999. Monroe-Taylor served as assistant principal under Moore. Vallas is the Chief Executive Officer of the Board.

Beginning in September 1997 and continuing throughout her employment at Howe, Burke learned of sexual assaults and other sex crimes involving Howe students. Burke reported the sex crimes to Howe's administration, including Moore, Brown, and Monroe-Taylor. In September 1997 and November 1998, Burke contacted the Illinois Department of Children and Family Services on behalf of foster children who were sexually assaulted on Howe's premises. In April or early May 1998, Burke sought the assistance of Vallas, who did not respond directly to Burke, but advised Moore of Burke's contact with his office. Generally, Defendants did not report or respond to the incidents of sex crimes Burke brought to their attention. In some instances, Defendants covered up reported incidents of sex crimes or accused Burke of fabricating or causing them.

2

Burke's requests for a transfer from Howe in or after February 1998 were denied. On June 4, 1998, Burke was battered by a student and her requests for assistance were not promptly responded to. On that same day, she was served with a notice to appear before the Board's Character Integrity Committee. Burke was accused of, *inter alia*, insubordination, job abandonment, attendance book fraud and stealing her grade book. Burke was threatened with discipline, including termination.

On January 11, 1999, Burke came to believe that her work environment was so intolerable that she had no choice but to resign from her teaching position. Upon her resignation, the Board delayed Burke's final paycheck for four months and delayed release of her pension based on a "do not hire code" purportedly attached to her pension account. (R. 22, Second Am Compl. ¶ 18.) In addition, Brown gave a negative reference to at least one of Burke's prospective employers.

Presently before this Court is the Board's motion to dismiss Counts I, II, III, and V of Burke's second amended complaint. The Board argues that Burke has not established municipal liability in order to maintain a § 1983 or §1981 suit against the Board and that Burke has not sufficiently established a liberty interest to support a due process claim. Defendants also argue that the suits against Vallas, Moore, Monroe-Taylor, and Brown in their official capacities should be dismissed as repetitive. Finally, Defendants move to strike: (1) all events occurring before May 24, 1998 as outside the statute of limitations; and (2) the events alleged in Paragraph 17 of the complaint because that paragraph recites only generalized, vague and undated events. In the alternative, Defendants move for a more definite statement as to Paragraph 17.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to

3

dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Doherty*, 75 F.3d at 322. This Court will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). *See also Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).

Under Federal Rule of Civil Procedure 12(f), the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter is defined as that which has no relationship to the cause of action pled." *VPHI v. National Educ. Training Group*, No. 94 C 5559, 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995). Motions to strike are generally not favored, and the court will not strike matter from a complaint "unless it is clear that it can have no possible bearing on the subject matter of the litigation." *Patel v. Board of Governors of State Colleges and Universities*, No. 92 C 8300, 1995 WL 573418, at *3 (N.D. Ill. Sept. 22, 1995). *See also Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill.1992). "Furthermore, pleadings are generally not stricken unless the moving party will be prejudiced otherwise." *Patel*, 1995 WL 573418, at *3. "Prejudice results when the matter complained of has the effect of confusing the issue or where it is so lengthy and complex that it places an undue burden on the responding party." 5 Wright & Miller, Federal Practice and Procedure, § 1382.

## ANALYSIS

### I. Counts I and III - Municipal Liability under § 1983 and § 1981

The Board attacks the sufficiency of Burke's claims in Counts I, II, and III, claiming that she has not set forth the elements necessary to establish municipal liability in order to maintain a § 1983 or § 1981 action against the Board. Municipalities, including school boards, may not be

4

held liable under § 1983 simply because they employed the tortfeasor acting within the scope of his or her employment. *Cornfield v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). Instead, a municipality may be held liable when it has an unconstitutional custom or policy. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *Id.* (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). Thus, "custom or policy" may be established by "an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *McTigue*, 60 F.3d at 382. *See also Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) ("It is true that a single act or decision of a final policymaker can establish municipal policy.").

Because Burke has identified neither an "express policy" nor a "custom or usage with the force of law," she must establish that one or more of the individuals named as a defendant had final policy-making authority. Burke points out that Vallas, the Board's Chief Executive Officer, is such an individual, and we agree. Whether an individual has "final policy-making authority" is a question of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). According to the Illinois School Code, "[t]he [Chicago School Reform Board of] Trustees and their chief executive officer are empowered and directed to . . . enact policies and procedures that ensure the system runs in an ethical as well as efficient manner." 105 ILCS 5/34-3.3. *See also Townsend v. Vallas*, No. 98 C 8080, 1999 WL 409996, at *5 (N.D. Ill. June 7, 1999) (involving a § 1983 claim by two Chicago public school employees in which "the Board concede[d] . . . that Vallas is a policy-making official"). Therefore, in viewing the facts in the

5

light most favorable to Burke, we find that she has adequately established municipal liability to survive Defendants' motion to dismiss as to Counts I and III.

## II. Count II – Due Process Claim

Count II alleges that the Board deprived Burke of her property and liberty interests in her employment without due process, in violation of the Fourteenth Amendment. In making a due process claim, a plaintiff first must establish that she possessed a protectable life, liberty, or property interest as a matter of substantive law. *Moulton v. Vigo County*, 150 F.3d 801, 804 (7th Cir. 1998). In this case, Burke has adequately pled a denial of a liberty interest in her job. Therefore, the motion to dismiss Count II must be denied.

### A. Property Interest

Burke asserts that she had a property interest in her job. The Seventh Circuit, however, has held that, although a substantive property interest in one's job might arise if the terms of the employment are governed by contract, there is no such interest in an at-will employment situation. *Harris v. City of Auburn*, 27 F.3d 1284, 1286 (7th Cir. 1994) ("Our cases make clear that an at-will employee does not have a constitutionally protected property right in his continued employment."). *See also Campbell v. City of Champaign*, 940 F.2d 1111, 1112 (7th Cir. 1991); *McMillian v. Svetanoff*, 878 F.2d 186, 191-92 (7th Cir. 1989). Therefore, Burke must assert the deprivation of a liberty interest to survive a motion to dismiss.

### B. Liberty Interest

Defendants argue that Burke's due process claim is subject to dismissal because she has not identified a protectable liberty interest of which she was deprived. To maintain her claim of deprivation of a liberty interest, Burke must show that: (1) she was stigmatized by Defendants' conduct; (2) the stigmatizing information was publicly disclosed; and (3) she suffered a tangible loss of other employment opportunities as a result of public disclosure. *Harris*, 27 F.3d at 1286.

6

Put another way, Burke must allege "defamation plus" loss of employment opportunities. *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995).

Defendants' conduct is sufficiently stigmatizing if Burke's "good name, reputation, honor, or integrity" is implicated, greatly impairing her ability to find new employment in that field. *See Lashbrook v. Oerkfitz*, 65 F. 3d 1339, 1348-49 (7th Cir. 1995). Significantly stigmatizing accusations include "such charges as immorality, dishonesty, alcoholism, disloyalty, Communism, or subversive acts." *Id.* at 1348. Here, Burke was accused of fabricating or even causing sex crimes between students on school premises. In addition, Burke was accused of attendance book fraud and stealing her grade book. These charges are extremely serious – some rising to the level of criminal behavior. Burke was threatened with discipline, including termination, for insubordination in continuing to report sex crimes. These accusations greatly diminish Burke's reputation as a teacher and make it virtually impossible for her to find future employment in the education field. In addition, Burke makes a threshold showing that the stigmatizing information was publicly disclosed by claiming that she was given negative job references.

Finally, Burke has adequately pled that she suffered a tangible loss of employment opportunities as a result of the stigmatizing accusations. Specifically, Burke alleges constructive discharge, and even conclusory allegations must be taken as true for purposes of a motion to dismiss. She also claims that she was given at least one negative reference, which deprived her of future job opportunities. Thus, a liberty interest has been established, satisfying the minimal requirements to survive a 12(b)(6) motion. Therefore, the Board's motion to dismiss Count II is denied.

## III. Count V and Official Capacity Claims

Burke concedes that the Seventh Circuit endorses the dismissal of official capacity suits against government officials where the government employer is also named as a defendant. Burke also concedes that 740 ILCS 175/4(b) fails to recognize a private cause of action for whistleblower activities. Accordingly, the Board's motion to dismiss is granted as to Count V and the official capacity claims.

## IV. The Board's Motion to Strike

### A. Statute of Limitations

The Board asks this Court to strike any of Burke's claims challenging actions taken by the Board and known to Burke prior to May 24, 1998, the date two years preceding the filing of the original complaint on May 24, 2000. Actions under § 1983 are governed by the personal injury statute of limitations of the state where the injury occurred. *Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 716-17 (7th Cir. 1994). Therefore, Illinois' two-year statute of limitations for personal injury actions is applicable to the case at hand. 735 ILCS 5/13-202. *See also Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir. 1991). The limitations period begins when a plaintiff knew or should have known that her constitutional rights were violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). In other words, "the limitations period is calculated by counting forward from the date when [the plaintiff's] claim accrued." *Love v. Sheahan*, No. 99 C 1243, 2001 WL 315228, at *9 (N.D. Ill. Mar. 30, 2001). Because neither party has suggested an accrual date when Burke knew or should have known that her procedural due process rights were violated, additional facts are needed to determine when her claim accrued. Drawing all inferences in Burke's favor at this stage of the litigation, it is not beyond doubt that Burke can prove no set of facts establishing that her claim is within the period of

limitations. Therefore, Defendants' motion is denied without prejudice as to the statute of limitations issue.

## B. Paragraph 17 of the Second Amended Complaint

Defendants also move to strike Paragraph 17 of the complaint, claiming that it recites generalized, vague and undated events, making it difficult to admit or deny the allegations contained therein. In the alternative, the Board moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). We think the latter course of action is appropriate here. A 12(e) motion "shall point out the defects complained of and the details desired." *Id.* The Board points to the lack of dates and identities of the alleged perpetrators of the events listed in Paragraph 17. In order for Defendants to be able to respond to Paragraph 17, Burke must identify the individual(s) to whom the allegations are directed. In addition, Burke must specify dates where she has not done so, namely subparagraphs 17(b), (e), (f), (g), and (h). Accordingly, the 12(e) motion is granted.

## CONCLUSION

Because Burke has adequately pled municipal liability and the existence of a liberty interest in her employment, the Board's motion to dismiss Counts I, II, and III is denied. (R. 26-1.) In light of Burke's concessions, the Board's motion to dismiss Count V and the suits against the individual defendants in their official capacities is granted. (*Id.*) The Board's motion to strike all events occurring prior to May 24, 1998, as well as the Board's motion to strike Paragraph 17 of Burke's complaint are denied. (R. 26-2.) The Board's motion for a more definite statement is granted as to subparagraphs 17(b), (e), (f), (g), and (h) of the complaint. (*Id.*) Burke's attorney is given until July 30, 2001 to amend subparagraphs 17(b), (e), (f), (g) and (h) of the complaint.

Entered:

Judge Ruben Castillo
United States District Court

Dated: April 27, 2001