# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3168 | **DATE** | 5/11/2001 |
| **CASE TITLE** | Mary Beth Burke vs. Chgo. School Reform Bd. of Trustees | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Moore and Monroe-Taylor's joint motion to dismiss Count V and the official capacity suits [39-1] is granted. Defendants' Moore and Monroe-Taylor's joint motion to dismiss Counts I, II, and III is denied. Defendant Vallas' motion to dismiss [42-1] and Brown's motion to dismiss [43-1] are granted as to Count V and the official capacity suits and denied as to Counts I, II and III.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 14 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 51 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | CO-7 FILED FOR DOCKETING 01 MAY 11 PM 3:56 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BETH BURKE,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CHICAGO SCHOOL REFORM  )<br>BOARD OF TRUSTEES, PAUL  )<br>VALLAS, BARBARA MOORE,  )<br>PATRICIA MONROE-TAYLOR and  )<br>LORIS BROWN, individually and  )<br>in their official capacities,  )<br>)<br>Defendants.  ) | No. 00 C 3168<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Beth Burke brings this action for damages and for equitable and injunctive relief against Defendants Chicago School Reform Board of Trustees ("the Board"), as well as Board employees Paul Vallas, Barbara Moore, Patricia Monroe-Taylor, and Loris Brown ("the individual defendants"), individually and in their official capacities. Burke's claims against the individual defendants include: deprivations of her free speech rights protected by the First Amendment of the United States Constitution and 42 U.S.C. § 1983 (Count I); violations of her due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 (Count II); and violations of her right to equal protection under the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1981 (Count III). Burke also alleges a violation of Illinois' Whistleblower Protection Act against the individual defendants (Count V).[1] Presently before the Court are: (1) Moore and Monroe-Taylor's joint motion to dismiss, (R. 39-1); (2) Vallas' motion to dismiss, (R. 42-1); and

---

[1] Count IV, alleging violations of Title VII, is brought against only the Board and not against the individual defendants.

(3) Brown's motion to dismiss, (R. 43-1). For the reasons set forth below, we grant in part and deny in part each of the motions to dismiss.

## RELEVANT FACTS

We will assume familiarity with our prior opinion in this case, *Burke v. Chicago Sch. Reform Bd. of Trs.*, No. 00 C 3168, 2001 WL 456412 (N.D. Ill. Apr. 30, 2001) ("*Burke I*"), and will not repeat the facts in detail.[2] Burke was employed by the Board as a teacher at the Julia Ward Howe Elementary School ("Howe") in Chicago, Illinois from 1990 until January 11, 1999. Moore was the principal at Howe from the time Burke first became employed there until June 1998. Monroe-Taylor served as assistant principal under Moore until June 1998. Brown succeeded Moore as Howe's principal and held that position through January 1999. Vallas is the CEO of the Board.

Burke alleges that the individual defendants' actions, including: (1) ignoring her reports of sex crimes involving Howe students; (2) accusing her of fabricating or causing the sex crimes; (3) denying her request for a transfer from Howe; (4) not promptly responding to her requests for assistance after being battered by a student; and (5) accusing her of job abandonment, attendance book fraud and stealing her grade book, led to her constructive discharge from her teaching position on January 11, 1999. On May 24, 2000, Burke filed a *pro se* complaint against the Board, the Chicago Teachers Union and the Chicago Police Department. In her first amended complaint, filed on August 30, 2000, Burke withdrew her claims against the Chicago Teachers Union and the Chicago Police Department. Furthermore, she named Vallas, Moore, Monroe-

---

[2] *Burke I* dealt with the Board's motion to dismiss Counts I, II, III and V. We denied the Board's motion to dismiss Counts I, II and III, but granted the motion as to Count V and the suits against the defendants in their official capacities.

2

Taylor and Brown as defendants, suing them in their official capacities only. On January 12, 2001, Burke filed her second amended complaint, naming these defendants in their individual capacities as well as in their official capacities.

Presently before this Court are: (1) Moore and Monroe-Taylor's joint motion to dismiss; (2) Vallas' motion to dismiss; and (3) Brown's motion to dismiss. Each of these defendants moves to dismiss Counts I, II, III and V of the complaint on the grounds that they are time-barred. Burke has conceded that Count V should be dismissed. Furthermore, the individual defendants argue, and Burke has conceded, that the claims against them in their official capacities should be dismissed as redundant. Finally, Brown and Vallas argue that Burke's due process claim should be dismissed because she failed to state a § 1983 liberty interest.[3]

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). This Court will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

We note that "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so

---

[3] In *Burke I*, we determined that a liberty interest has been established, satisfying the minimal requirements for Burke's due process claim (Count II) to survive a motion to dismiss.

3

doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Thus, the district court should "view the *pro se* complaint with an understanding eye" and "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Id.*

## ANALYSIS

### I. Section 1983 Claims Are Not Time-Barred

Although three separate motions to dismiss are presently before the Court, all four individual defendants argue that the statute of limitations bars Burke's § 1983 claims against them. In § 1983 actions, the federal courts adopt the forum state's statute of limitations for personal injury claims. *Baskin v. City of Des Plaines*, 138 F.3d 701, 703 (7th Cir. 1998) (citations omitted). Accordingly, under Illinois law, Burke's § 1983 claim is subject to a two-year limitations period. In this case, the date on which the limitations period began is not clear because many of Burke's allegations do not specify dates. Furthermore, the parties disagree as to whether the allegations comprise a continuing violation, which affects the accrual date of Burke's § 1983 claims.

#### A. Continuing Violation

The continuing violation doctrine allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). The theory of continuing violation at issue in the present case is whether the defendants' acts were "related closely enough to constitute a continuing violation or were merely discrete, isolated and completed acts which must be regarded as individual violations." *Id.* at 565 (citations omitted). In determining whether a series of separate violations should be treated as a

4

continuing violation, courts consider three factors: (1) the relatedness of the subject matter of the acts; (2) the frequency of the acts; and (3) the degree of permanence such that the actions triggered the plaintiff's awareness that her rights had been violated. *Id.* at 565-66.

Burke argues that the defendants' numerous actions constituted a continuing violation, culminating in her constructive discharge on January 11, 1999. Thus, she argues, the appropriate accrual date for her § 1983 claims is January 11, 1999, and both her *pro se* complaint and her first amended complaint were timely filed. In her complaint, Burke claims that the defendants' actions "contin[ued] to jeopardize her health, safety and reputation and . . . render[ed] her work environment so intolerable that [she] had no choice but to resign." (R. 22, Pl.'s Second Am. Compl. ¶ 17(i).)

The individual defendants, on the other hand, argue that the alleged acts do not constitute a continuing violation because Burke should have known or been alerted to her duty to assert her rights long before January 11, 1999. We cannot decide, at this stage, when Burke knew or should have known that the defendants' alleged acts amounted to a § 1983 claim.[4] *Bowers v. Radiological Soc'y of N. Am., Inc.*, 57 F. Supp. 2d 594, 598 (N.D. Ill. 1999) ("Whether [the plaintiff] knew or should have known that the acts of which she complains were discriminatory at the time they occurred cannot be determined on a motion to dismiss."). We find that for purposes of deciding the motions to dismiss before us, Burke has sufficiently alleged ongoing and continuous acts which are linked to at least one viable charge or act which occurred during

---

[4] On a motion to dismiss, we must view all facts and reasonable inferences in the complaint in the light most favorable to Burke. Of course, our decision regarding the viability of Burke's § 1983 claims could be entirely different on a full record for a motion for summary judgment.

5

the limitations period, *i.e.* her constructive discharge. *Selan*, 969 F.2d at 564; *Kielczynski v. Village of LaGrange*, 19 F. Supp. 2d 877, 881 (N.D. Ill. 1998).

### B. Fed. R. Civ. P. 15(c): Relation Back of Amendments

Assuming, for purposes of deciding the motions to dismiss, the § 1983 claims accrued on January 11, 1999, Burke's *pro se* complaint and her first amended complaint were timely filed. Her second amended complaint, naming the defendants in their individual capacities, however, was not filed until January 12, 2001, one day after the statute of limitations period ended. Thus, in order to preserve her claims, her second amended complaint must relate back to her earlier complaints filed within the limitations period.

An amendment of a pleading relates back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c) (2)-(3).

Thus, an amended complaint relates back to the date of the filing of the original complaint only when: (1) the amended complaint arises out of the same occurrence set forth in the original complaint; (2) the added defendant has received such notice of the institution of the action within the applicable statute of limitations so that he will not be prejudiced in maintaining

6

his defense on the merits; and (3) the added defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980) (cited in *A. Kelley's Garage, Inc. v. City of Northlake*, No. 00 C 1671, 2000 WL 1889671, at *2 (N.D. Ill. Dec. 28, 2000)).

In this case, Burke's first and second amended complaints arose out of the same occurrences set forth in the original complaint. The allegations in the original and those in the amended complaints are substantively the same. Although the causes of action were not explicitly identified in Burke's original complaint, the allegations make clear the bases for the claims against the defendants.

Furthermore, under Rule 15(c), the party added by the amended complaint must have received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. *Id.* "Notice, as that term is employed in the rule, serves as the means for evaluating prejudice." *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 888 (7th Cir. 1993) (citation omitted). Moore and Monroe-Taylor argue that they did not have notice because they were not named as defendants until two months after the statute of limitations period ran. (R. 39, Moore and Monroe-Taylor's Joint Mot. to Dismiss Pl.'s Second Am. Compl. ¶ 21.) Furthermore, they were not served with summons until eight months after the statute of limitations ran. (*Id.*) In determining whether an added defendant has received sufficient notice of an action, the courts have noted that "the statute of limitations does not insulate from suit an individual who did not initially receive service (or other notice) in the correct capacity, so long as no prejudice resulted." *Woods*, 996 F.2d at 888; *Donald*, 95 F.3d at 560 ("The validity of the amendment under Rule 15(c) turns on actual notice, not on whether process has been served.").

7

We note that the individual defendants have not argued that they did not have timely actual notice. There is no indication in the record that Vallas and Brown were not still employed by the Board at the time the original *pro se* complaint was filed and, as the CEO of the Board and the principal of Howe, respectively, it is reasonable to believe that they had timely actual notice of the suit and of their alleged misdeeds against Burke. Furthermore, although Moore and Monroe-Taylor no longer worked at Howe at the time the original complaint was filed, they also may have received actual notice. Without further discovery, we cannot determine whether the individual defendants had "such notice of the institution of the action that [they] will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c)(3)(A).

Finally, under Rule 15(c), an added defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c)(3)(B). The Rule thus "*expressly* contemplates the prospect of the retrospective application of an amended complaint to a defendant who was *not* named originally but who was added only later, when plaintiff or plaintiff's attorney realized that the defendant should have been named at the outset. And that of course includes . . . a defendant who was not named at all to begin with." *Woods*, 996 F.2d at 888 (emphasis in original). In *Donald*, a similar case to the one before us, the plaintiff made the legal mistake of naming only the sheriff's department instead of including individual defendants, and the Seventh Circuit held that such a mistake supported allowing an amendment under Rule 15(c). The *Donald* Court explained that "[n]umerous cases in this and other circuits have established that, when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide

8

the plaintiff with an opportunity to amend the complaint." *Donald*, 95 F.3d at 555.

In this case, the individual defendants were actually identified by name in the allegations contained in the body of the original *pro se* complaint, and, but for Burke's mistaken understanding that she could effectively sue the individual defendants by naming the Board, the individual defendants also would have been named. Furthermore, we cannot determine from the limited record before us whether the individual defendants knew or should have known of Burke's mistake in not naming them in the original complaint. Thus, we cannot dismiss Burke's § 1983 claims at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, we grant Moore and Monroe-Taylor's joint motion to dismiss as to Count V and the official capacity suits. (R. 39-1.) We deny Moore and Monroe-Taylor's joint motion to dismiss as to Counts I, II and III. (*Id.*) We also grant Vallas, (R. 42-1), and Brown's, (R. 43-1), motions to dismiss as to Count V and the official capacity suits and deny their motions to dismiss as to Counts I, II and III.

Entered:

Judge Ruben Castillo
United States District Court

Dated: May 14, 2001